Dear Senator Cravins:
We are in receipt of your request for an opinion in regard to administration of Firefighter's Bill of Rights insofar as representation during the interrogation stage of a disciplinary investigation.
You point out that A firefighters and other civil service protected public employees are constituionally entitled to a right to notice and opportunity to be heard at a meaningful time and manner before being terminated or disciplined for an alleged workplace infraction. You feel that the pre-disciplinary hearing is a critical stage of the investigation in that the employee is given the opportunity to convince the appointing authority that a mistake was made or that mitgating factors are present.
You note in accordance with the Firefighters' Bill of Rights that R.S. 33:2181(B) states that whenever a fire employee is under investigation certain minimum standards shall apply, and those standards include advance notice of the nature of the investigation, the identity of the investigators and observers during any interrogation, limitations on interrogation techniques such as right to rest periods, and the right to presence of his or her counsel or other representative, or both that the interrogation in connection with the investigation.
You relate that some fire departments contend that the language that the interrogation allowing the right to counsel excludes the pre-disciplinary hearing or conference since, in their view, the interrogation stage is over and the employee is merely presenting his or her side of the story.
However, you point out there is typically a full exchange of information at such hearings, and the employee is typically called upon to answer tough questions, which in your view "it is still `interrogation' or a culmination in the investigatory process of interrogation and other fact-finding measures."
In this regard you ask, "Therefore, at what stage or step in the process does a firefighters' right to representation arise?"
In Atty. Gen. Op. 93-52 this office observed that the protection afforded an officer under R.S. 40:2531 in an "investigation" is modified by the phrase "with a view to possible disciplinary action, demotion, or dismissal," and it was concluded if any of these three results are possible, that the officer is afforded the protections of the statute. The statute was quoted and included in Section B(4), "The law enforcement officer shall be entitled to the presence of his counsel or representative, or both, at the interrogation in connection with the investigation."
It was further stated the term "possible disciplinary action" should be construed broadly so that the purpose of protecting officers under investigation is made effective to the fullest extent possible under the language of the statute.
We find with regard to the Fire Employee's Rights under R.S.33:2181 it applies to a fire employee "who is under investigation with a view to possible disciplinary action, demotion, or dismissal"; and continues with similar provision as R.S. 40:2531
and includes "the fire employee shall be entitled to the presence of his or her counsel or representative, or both, at the interrogation in connection with the investigation."
Consequently, following the reasoning in Atty. Gen. Op. 93-52 we would conclude as stated therein that any action taken by formal investigation authorities which could possibly affect the job status "requires that the minimum standards" of the statute apply, and we would conclude the firefighter is afforded protection of an attorney.
We hope this sufficiently answers your request, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
CHARLES C. FOTI, JR.
ATTORNEY GENERAL
BY:_________________________
BARBARA B. RUTLEDGE
ASSISTANT ATTORNEY GENERAL
CCF/bbr